IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **AMANDA AL-SAWAI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNIVERSITY OF TEXAS,** | § | **MO:22-CV-00261-DC** |
| **PERMIAN BASIN, WAYNE** | § | |
| **COUNTS in his individual capacity;** | § | |
| **and STEVEN BEACH in his** | § | |
| **individual capacity;** | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the report and recommendation[1] of United States Magistrate Judge Ronald C. Griffin concerning Defendants the University of Texas, Permian Basin, Steven Beach, and Wayne Counts's Motion to Dismiss.[2]

In his report and recommendation, Judge Griffin recommends that the Court grant Defendants' motion in part and deny it in part. Defendants timely filed objection to the report and recommendation.[3] Plaintiff did not file objections to the report and recommendation, nor did she file a response to Defendants' objection. A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[4] Because Defendants timely objected

---

[1] ECF No. 14.

[2] ECF No. 10.

[3] ECF No. 16.

[4] 28 U.S.C. § 636(b)(1)(C).

to a portion of the report and recommendation, the Court reviews that portion *de novo*. The remaining portion of the report and recommendation is reviewed for clear error.

Having done so, the Court sustains Defendants' objection and otherwise adopts the report and recommendation as its own order. To establish a prima facie case of gender and religious discrimination based on disparate treatment, an employee generally must demonstrate that "(1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. 2022). Of course, Plaintiff need not make out a prima facie case at the motion to dismiss stage, but she must plead sufficient facts as to each element to make her case plausible. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019).

Plaintiff may have shored up the first three elements with pages of facts sufficient for this stage, but for whatever reason she left the fourth element unattended to. Defendants seized upon that deficiency in their objection to the report and recommendation. Although Plaintiff clearly believes she was targeted as the only female Muslim in her department and the only employee negatively impacted by adverse actions, she fails to "plead any facts indicating less favorable treatment than others 'similarly situated' outside of the asserted protected class." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). Without facts about her comparators, Plaintiff's complaint does not permit a reasonable inference that the adverse employment actions alleged were because of her gender or religion. The

Court therefore **GRANTS** Defendants motion to dismiss as to Title VII gender and religious discrimination.

Accordingly, the Court **ORDERS** that the report and recommendation is **ADOPTED IN PART**.[5] Defendants' Motion to Dismiss[6] is **GRANTED**, save for the Title VII retaliation claim, which is **DENIED**.

It is so **ORDERED**.

SIGNED this 8th day of March, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[5] ECF No. 14.

[6] ECF No. 10.

3