IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AMANDA AL-SAWAI<br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF TEXAS<br>PERMIAN BASIN<br>*Defendant.* | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:22-cv-00261-DC-<br>§  RCG<br>§<br>§<br>§<br>§ |

**DEFENDANT'S OPPOSED MOTION FOR SANCTIONS AND
IN THE ALTERNATIVE SECOND MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant, The University of Texas Permian Basin (UTPB), and files this Motion For Sanctions pursuant to Federal Rule of Civil Procedure 37 and respectfully asks the Court to sanction Plaintiff Al-Sawai for her flagrant violation of this Court's Order to Compel Discovery by both her and her counsel failing to attend her court ordered and properly noticed deposition on February 18, 2025. She also failed to timely and completely supplement her discovery responses as ordered by this Court. Doc. 43.

Because of Plaintiff's failure to comply with this Court's order and the Federal Rules of Civil Procedure, UTPB asks this Court to compel Plaintiff to produce the remaining discovery this Court has already ordered to be produced no later than February 25, 2025. Additionally, UTPB requests that Plaintiff be ordered to sit for deposition outside of the discovery period, specifically on February 27, 2025, and if she fails to do so she will be barred from providing testimony via affidavit in response to UTPB's motion for summary judgment, as well as barred from testifying at trial. UTPB also requests that the Court order that Plaintiff may not rely on any discovery not

1

produced by February 25, 2025 in prosecuting her case either via motion or at trial.

UTPB also requests that the Court order Plaintiff to pay the approximate costs of attending her deposition upfront by paying for the court reporter and videographer to avoid any further unnecessary expenses for the taxpayers from Plaintiff's failure to appear as previously ordered by the Court.

## I.   PROCEDURAL HISTORY

This case has been plagued by numerous extensions and delays primarily to accommodate Plaintiff and at Plaintiff's request, as detailed in UTPB's Motion to Compel. Doc. 38. That January 23, 2025 Motion to Compel was prompted by a variety of deficiencies in Plaintiff's belated discovery responses, and Plaintiff's failure to provide availability for deposition. Doc. 38. On January 31, 2025, UTPB also filed an Opposed Motion to Amend the Scheduling Order. Doc. 39.

On February 11, 2025, this Court heard arguments on UTPB's Motion to Compel (Doc. 38) and Opposed Motion to Amend the Scheduling Order (Doc. 39). The Court declined to extend deadlines in this matter for a fourth time. It did grant in part UTPB's Motion to Compel. (Doc. 43). Specifically, the Court ordered that, "Plaintiff shall (1) respond to Interrogatory Nos. 8, 11, 12 without objection and (2) produce any relevant documents or specify where in the file responsive documents are located for Request for Production Nos. 3, 8, 9, 14, 24, and 26 by **Friday, February 14, 2025**." (Doc. 43).(emphasis in original)**.** "Further, the Court **ORDERS** the deposition of Plaintiff Amanda Al-Sawai to be completed on **Tuesday, February 18, 2025**." Doc. 43 (emphasis in original).

On Friday, February 14, 2025, Plaintiff did not produce any discovery, nor did it communicate with UTPB.

On Monday, February 17, 2025, Plaintiff's counsel emailed UTPB, explaining that it had not made a production because Plaintiff "document dumped us with dozens of audio recordings." Ex. A at 2. Plaintiff's counsel further stated, "[w]e can get responses to you regarding the *interrogatories* by end of day, today." *Id*. (emphasis in original). Plaintiff's counsel did not elaborate on why Plaintiff had not already supplemented her interrogatory responses, as clearly ordered by this Court. Regardless, by end of day, UTPB had not received Plaintiff's interrogatory responses, or the promised recordings or documents.

Plaintiff's email also asked if UTPB wished to reschedule the deposition because Plaintiff had failed to comply with the Federal Rules of Civil Procedure and this Court's order. Plaintiff later emailed again at 7:20pm attempting to unilaterally "halt tmrw's [sic] deposition" (Ex. A at 2) due to a lack of child care, as well as claiming that Plaintiff had not received the deposition Zoom link—even though the link was included in the Notice of Deposition issued on February 5, 2025. Ex. A at 2.

UTPB's counsel attempted to contact Plaintiff's counsel by phone and then email that same evening, pointing out that Plaintiff's counsel had the information necessary to access the remote deposition and that UTPB intended to proceed with Plaintiff's deposition without Plaintiff's audio recordings or supplemental discovery responses she had failed to complete by February 14 as ordered by the Court. Ex. A at 1. To ensure there was no ambiguity regarding UTPB's intent to proceed with Plaintiff's 10am deposition the following day, UTPB concluded its message to Plaintiff by clearly stating it expected to "see you tomorrow at 10am." *Id*.

Receiving no response to the February 17, 2025 email, the following morning UTPB's counsel called Plaintiff's counsel to confirm he and his client would appear for the deposition and to discuss potential alternative arrangements to accommodate Plaintiff's lack of child care. Ex. A

3

at 2. Plaintiff's counsel did not answer or respond. At 10am, the court reporter, videographer, counsel for the University of Texas representing UTPB, and UTPB's counsel appeared via Zoom, prepared to proceed with Plaintiff's deposition. When Plaintiff and her counsel did not appear, UTPB emailed Plaintiff at 10:03am that UTPB was prepared to proceed and that it would wait until 10:15am before a Notice of Non-Appearance was prepared. Ex. A at 1. No response was received.

At 10:15am, UTPB certified the non-appearance of Plaintiff and Plaintiff's counsel, reserving the right to reset the deposition and seek relief from the Court.

Later that same day, UTPB wrote Plaintiff's counsel indicating that this motion would be filed if Plaintiff did not make a full production by Wednesday, February 19, 2025. Ex. B. Late evening on Tuesday, February 18, Plaintiff sent several hundred Bates labeled documents, along with six audio recordings totaling about an hour. On late Wednesday evening, Plaintiff sent another production, totaling several hundred additional documents, half-hearted attempts to supplement her interrogatory responses, and two recordings labeled "supplemental." On February 20, 2025, UTPB's counsel asked for alternative dates for Plaintiff's deposition to be taken out of time, with the parties tentatively agreeing to reset the deposition for February 27, 2025.

## II. ARGUMENTS & AUTHORITIES

Courts have identified three vehicles for imposing sanctions: Federal Rule of Civil Procedure 37(b), Federal Rule of Civil Procedure 37(e), and the court's inherent powers. *Calsep A/S v. Dabral*, 84 F.4th 304, 310 (5th Cir. 2023). Rule 37(b) states that parties must comply with court orders. Fed. R. Civ. P. 37(b)(2)(A). Failure to do so means a court may sanction a party, including by "dismissing the action" or "rendering a default judgment." *Dabral*, 84 F.4th at 310. When a party "fails to comply with a discovery order," a court has "broad discretion in fashioning

4

its sanction." *Id*. Federal courts also may invoke their "inherent power" to control and regulate the cases before them. *Id.* at 311.

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders"—specifically, "sanctions." Fed. R. Civ. P. 37(b)(2)(A). A court may impose litigation-ending sanction if it finds that: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019) (quoting *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)). "For a lesser sanction, [courts are required] to determine the sanctions are "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Id.*

### A. Plaintiff's Conduct Warrants Sanctions.

#### 1. Plaintiff Committed Willful Discovery Violations in Bad Faith.

Plaintiff's discovery violations have been willful and committed in bad faith. This Court ordered Plaintiff to respond to Interrogatories Nos. 8, 11, and 12 without objection by Friday 14, 2025. Doc. 43. Plaintiff failed to answer by this deadline. Even more flagrantly, in addition to violating this Court's order to timely answer interrogatories, on February 18, 2025, Plaintiff and her counsel failed to appear for her court ordered and properly noticed deposition. As noted above, UTPB filed a motion to compel only after several compromises, delays, and extensions were granted due to Plaintiff's refusal to comply with discovery obligations. *See* Doc. 38 at 1-3.

Willfulness may be demonstrated by a party's failure to comply with the court's discovery order even after he was personally instructed to do so and stated that he understood what was required of him. *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012). Willfulness can also

be evidenced by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the court." *Id*. Finally, the district court is permitted to rely on its complete understanding of the parties' motivations. *Id*. This noncompliance pattern demonstrates that Plaintiff deliberately disregards her discovery obligations in bad faith, satisfying the first element justifying sanctions from this Court.

**2. Plaintiff, not Counsel, is Responsible for the Discovery Violations.**

The pattern of silence and failure to engage in the discovery process suggests that Plaintiff herself, rather than her counsel, is responsible for the violations. Discovery deadlines and obligations have been ignored for months despite clear opportunities to rectify the situation. Given Plaintiff's counsel's initial representation that he would coordinate with his client to provide discovery responses, including Interrogatory responses and documents in response to the Court's February 13, 2025 order compelling discovery, the lack of engagement can only reasonably be attributed to Plaintiff's unwillingness to participate.

Moreover, Plaintiff's counsel has clearly stated Plaintiff herself is at fault. Ex. C at 2. On February 17, 2025, after missing the February 14, deadline from the Court's order, Plaintiff's counsel wrote, "We did not produce everything on Friday because my client was still compiling things. She just document dumped us with dozens of audio recordings." Ex. A at 2. As noted above, unless Plaintiff's counsel somehow reviewed and edited dozens of audio recordings and substantially edited them—or failed to produce all of them—this was a misrepresentation, as only six recordings were produced, with a total time of around 54 minutes. On Wednesday, February 19, 2025, Plaintiff's counsel wrote, "I apologize for their tardiness and volume, but the Plaintiff sprung these on us once the Judge issued his orders last week demanding clarification on certain items. ( Spoiler alert, never let anyone put anything important in off-site storage... )[.]" Ex. D at 1.

Although Plaintiff's counsel has accepted some responsibility for the numerous delays and

6

flagrant disregard for rules of discovery, Plaintiff appears to be at fault for the numerous delays in this matter. "Discovery delays are serious, especially when they are part of a pattern." *Dabral*, 84 F.4th at 313. Plaintiff has repeatedly failed to timely comply with discovery requests, conduct which demonstrates a willful disregard for her discovery obligations and, as described below, has substantially prejudiced Defendant.

### 3. UTPB has been substantially prejudiced.

This Court ordered Plaintiff to supplement her discovery responses by Friday, February 14, 2025, so UTPB could review it over the weekend in anticipation of Plaintiff's February 18, deposition. Doc. 43. Even with this limited time, UTPB was prepared to proceed. However, Plaintiff wrote on Monday, February 17, half-heartedly offering to partially comply with the Court's order by end of day, leaving UTPB less than a day to review her interrogatory responses. Ex. A at 1-2. Even here, UTPB was prepared to proceed; Plaintiff, however, was apparently not, abruptly refusing to appear at her deposition. The discovery deadline in this matter is on February 25, 2025, and this Court stated no further extensions would be granted. Mediation has been ordered for March 6, 2025. Despite lacking a full understanding of Plaintiff's claims, potential evidence, and even damages, UTPB will now be forced to mediate with a plaintiff who has refused to substantially produce discovery or sit for deposition as ordered by this Court. Similarly, UTPB will prepare its dispositive motions, due March 24, 2025, with incomplete information, and will prepare for trial, set August 4, 2025, in the same position.

As courts have noted in similar cases, substantial prejudice occurs when a party's ability to prepare its case-in-chief is seriously compromised, and that is precisely the situation Defendant faces here. *See Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012); *Dabral*, 84 F.4th at 314.

Despite UTPB's numerous efforts to compromise and grant extensions, Plaintiff's persistent failure to comply indicates a disregard for this Court's processes and orders. As a result, UTPB requests another order compelling Plaintiff to appear at deposition on February 27, 2025, and an order that Plaintiff submit a new verification that her interrogatory and discover responses compelled by the Court are complete.

### B. Plaintiff should be Prohibited from Relying on Both Unproduced Evidence or to Testify to Support Her Case if She Refuses to Sit for Deposition.

UTPB requests this court order that Plaintiff may not rely on any evidence to support her case, either in response to motions or at trial, that she fails to produce before February 25, 2025. Additionally, UTPB requests that the Court order Plaintiff to appear for deposition on February 27, 2025, and if she fails to do so she will be precluded from testifying in support of her case via affidavit or at trial.

In determining whether to exclude evidence as a sanction under Rule 37, the Court considers"(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Haywood v. City of El Paso, Tex.*, No. EP-20-CV-114-KC, 2025 WL 25521 (W.D. Tex. 2025) (citing *Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012). These elements are satisfied.

### 1. The Importance of the Evidence.

As Plaintiff has produced no evidence sufficient to survive summary judgment for her Title VII retaliation claim, excluding Plaintiff's testimony would be "tantamount to dismissal." *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113 at 117 (5th Cir. 1993) (citations omitted). Thus, "when specific evidence is highly material to the disobedient party's case, courts should not exclude it without first 'consider[ing] the possibility of lesser sanctions.'" *Haywood*, 2025 WL

8

25521 at *5 (citing *Gen. Dynamics Corp.*, 999 F.2d at 117). Even so, such a sanction is warranted here. This Court has already afforded Plaintiff several extensions, held that no further extensions will be granted, and compelled Plaintiff to provide the documents and to sit for a deposition. She has still failed to do so. Should she fail to sit for a second properly noticed deposition, or produce documents prior to the discovery deadline, any late evidence as well as her ability to testify at trial should be excluded. UTPB is lacking key information as to Plaintiff's claims and evidence. As the discovery deadline, February 25, 2025, nears, followed shortly by mediation and dispositive motions, there is no lesser sanction than to prohibit Plaintiff from relying on evidence that has not been timely produced to UTPB. Similarly, Plaintiff should not be permitted to defy this Court's order that she sit for deposition but then present a personal affidavit in response to a summary judgment motion or to provide testimony for the first time at trial.

**2. The Explanation**

As noted above, Plaintiff's explanations for her refusal to comply with rules of discovery and this Court's order range from unpersuasive to non-existent. As noted in UTPB's Motion to Compel, Plaintiff's counsel has cited Plaintiff's paranoia as a reason to refuse to produce Interrogatory responses. Ex. C at 1. Plaintiff has not explained her failure to timely supplement her Interrogatory responses pursuant to the Court's February 13, 2025 order. As for not appearing for her deposition, Plaintiff's counsel cites a lack of childcare and lacking a remote Zoom hyperlink (despite having notice of the deposition which contained said hyperlink since February 5, 2025). Ex. A at 2. Similarly without basis, Plaintiff purports to unilaterally "halt" Plaintiff's deposition (*id*.), authority which Plaintiff lacks under the federal rules absent a motion for protection—and certainly lacked authority to do so given that this Court ordered her to appear for the February 18, 2025 deposition.

9

As UTPB properly noticed the deposition with more than two-week's notice, properly arranged said deposition, this Court ordered the deposition to take place on that date, and then UTPB sent numerous emails to Plaintiff's counsel prior to the deposition, Plaintiff cannot argue the deposition was an undue surprise or that it was otherwise impractical to appear. Plaintiff lacks an explanation for her failure to comply with the Court's order.

### 3. Potential Prejudice Allowing Testimony and the Potential for a Continuance to cure Such a Prejudice.

UTPB will be irreparably prejudiced if Plaintiff is permitted to later rely on her testimony—either in the form of an affidavit or live at trial—because UTPB cannot adequately prepare for mediation, dispositive motions, or trial without her deposition testimony. UTPB has a right to question Plaintiff and explore her testimony before it is presented to a jury. As noted in UTPB's Motion to Compel, UTPB is lacking substantial evidence including aspects of Plaintiff's claims, such as allegedly protected activities, allegedly retaliatory acts, nor does it have an adequate understanding of Plaintiff's purported damages. As Plaintiff has disregarded the Court's order granting in part UTPB's Motion to Compel, UTPB still lacks this information. For example, Plaintiff's Amended Complaint and Interrogatory Reponses contain a recitation of her allegations, but without a sanction excluding future evidence, Plaintiff could provide additional details, allegations, or claims entirely that circumvent all of UTPB's defenses. As for a continuance, such relief was requested by UTPB (Doc. 39), but this Court stated such a relief was impractical, as this matter is nearing three years since it was filed, which would remove it to the Fifth Circuit. As such, this Court denied such relief on February 11, 2025.

Accordingly, if this Court declines to strike Plaintiff's claims entirely, it must exclude Plaintiff from introducing future evidence because, the factors above, as well as basic rules of evidence, favor preventing Plaintiff from unfairly surprising UTPB during mediation, dispositive

motions, or trial.

### C. Plaintiff should be Compelled to Pay Costs Associated with the Delay.

Finally, in addition to the sanctions above, a Court may order a party, the attorney advising that party, or both, evading discovery or a court order—or both, in the present case—to pay the costs associated with the delay. Fed. R. Civ. P. 37(b)(2)(C). It is undisputed that Plaintiff, her counsel, or both, willfully refused to comply with this Court's order when Plaintiff refused to sit for her February 18, 2025 deposition. Accordingly, UTPB respectfully requests this Court order Plaintiff, her counsel, or both to pay for the costs associated with her deposition.

### III.   CONCLUSION

For these reasons, Defendant respectfully urges the Court to grant Defendant's Motion for Sanctions or In the Alternative Second Motion to Compel and order Plaintiff to comply with this Court's February 13, 2025, order compelling discovery, namely, sit for a deposition on Thursday, February 27, 2025, after the discovery deadline in this case. If Plaintiff fails to comply, Defendant respectfully asks the Court to prohibit Plaintiff from supporting her case with her testimony or via affidavit, or from relying on any subsequently produced evidence. UTPB requests any other relief this Court deems sufficient. UTPB further requests Plaintiff be compelled to pay for the costs associated with the delay in taking her deposition.

Plaintiff's conduct has demonstrated bad faith and a willful refusal to participate in the discovery process, causing harm to Defendant's ability to defend against the claims.

    Respectfully submitted.

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

*/s/ JAMESON C. JOYCE*
JAMESON C. JOYCE
Assistant Attorney General
Texas Bar No. 24110070
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Jameson.Joyce@oag.texas.gov
(512) 475-4088

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 20, 2025, I conferred with opposing counsel regarding the issues in this Motion and he indicated he is opposed.

*/s/ Jameson C. Joyce*
JAMESON C. JOYCE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that on February 21, 2025, a copy of the above *Defendant's Motion for Sanctions* was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

H. Julian Frachtman
Law Office of H. Julian Frachtman
3100 Richmond, Suite 203
Houston, Texas 77098
Tel. (832) 499-0611
Email: hfrachtmanlaw@gmail.com
COUNSEL FOR PLAINTIFF

*/s/ Jameson C. Joyce*
JAMESON C. JOYCE
Assistant Attorney General

12